LAZZARO v CHARLEVOIX LAKES

Docket No. 50892. Submitted April 9, 1981, at Grand Rapids.—Decided July 27, 1981.

Paul Lazzaro and Henri J. Bourneux as trustees of Continental Mortgage Investors commenced as action in Charlevoix Circuit Court to recover on a loan made by Continental. Continental Mortgage Investors, a Massachusetts business trust, entered into a loan agreement with Charlevoix Lakes, an Ohio joint venture consisting of Charlevoix Associates, Inc., an Ohio corporation, and United Charlevoix, Inc., a Florida corporation. The loan agreement was consummated outside of Michigan; however, the proceeds from the loan were to be used to purchase and develop a condominium project in Michigan, the loan was to be repaid from the proceeds of the sale of those condominiums, and the loan was to be secured by a first lien mortgage upon the Michigan real estate. The loan was guaranteed by Donald and Mary Jo Tishman and Richard and Joann Broughton, the guaranty agreement being signed in Ohio and the individuals at all relevant times being nonresidents of the State of Michigan. The individual defendants asserted the defense that the court lacked jurisdiction over them. Martin B. Breighner, J., found that he had jurisdiction over Donald Tishman and Richard Broughton but lacked jurisdiction over Mary J. Tishman and Joann Broughton. Judgment on the loan was entered in favor of plaintiffs, with a deficiency judgment pursuant to the guaranty agreement being entered in favor of plaintiffs against individual defendants Donald Tishman and Richard Broughton. Corporate defendants and individual defendants Donald Tishman and Richard Broughton appeal. Plaintiffs cross-appeal. *Held:*

The trial court properly determined that it had jurisdiction

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 16A Am Jur 2d, Constitutional Law § 853.
   20 Am Jur 2d, Courts §§ 143, 146.
   62 Am Jur 2d, Process §§ 75–82.
   Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on making or performing a contract within the state. 23 ALR3d 551.

over defendant husbands but not defendant wives. While the Michigan long-arm statute seeks to confer on Michigan courts limited personal jurisdiction over nonresidents to the farthest limits of due process, due process requires minimal contacts within the state before jurisdiction can be asserted over a nonresident. Defendant husbands' business activities with respect to acquiring the Michigan real estate constituted the necessary contacts with Michigan. Since the defendant wives' only act was the signing in another state of a guaranty agreement guaranteeing a loan consummated in another state, there was not the minimal contact with this state necessary to satisfy due process.

Affirmed.

1. COURTS — JURISDICTION — LONG-ARM STATUTE.

The Michigan long-arm statute seeks to confer on Michigan courts limited personal jurisdiction over nonresidents to the farthest limits permitted by due process (MCL 600.705[1]; MSA 27A.705[1]).

2. COURTS — JURISDICTION — LONG-ARM STATUTE.

The guaranteeing of a loan agreement executed in another state, the proceeds of such loan being for the purpose of security and developing of real property in Michigan, constitutes the "transaction of any business within the state" within the meaning of the Michigan long-arm statute conferring limited personal jurisdiction on Michigan courts (MCL 600.705[1]; MSA 27A.705[1]).

3. COURTS — JURISDICTION — LONG-ARM STATUTE — DUE PROCESS.

Due process requires that for a state to assert long-arm jurisdiction over a nonresident defendant there must be such minimal contacts with the forum state that maintenance of an action does not offend traditional notions of fair play and substantial justice and a showing that the defendant has purposefully availed himself of the privilege of conducting activities within the forum state so as to invoke the benefits and protection of its laws.

4. COURTS — JURISDICTION — LONG-ARM STATUTE — DUE PROCESS.

Limited personal jurisdiction is properly asserted over nonresident guarantors of a loan executed in another state pursuant to the Michigan long-arm statute with respect to those guarantors who are actively involved in the use of the proceeds of that loan to purchase and develop real estate located in Michigan, there being sufficient contacts to satisfy due process; however,

jurisdiction does not lie with respect to such guarantors whose only activity was the execution of the guaranty agreement in another state.

*Hoffman & Hoffman,* for plaintiffs.

*Marco, Litzenburger & Smith,* and *Baker & Hostetler* (by *Stephen J. Vergamini),* for defendants.

Before: MACKENZIE, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

V. J. BRENNAN, J. Defendants Charlevoix Lakes, Charlevoix Associates, Inc., United Charlevoix, Inc., and individual defendants Donald Tishman and Richard Broughton appeal as of right from an adverse decision finding them liable for breach of a loan agreement.

Plaintiffs Lazzaro and Bourneux cross-appeal from the dismissal of Mary Jo Tishman and Joann Broughton as parties defendant and the denial of an award of attorney's fees.

We affirm the trial court's disposition of all the issues raised by appellants and cross-appellants. We further commend the trial court for its exact compliance with GCR 1963, 517.1 and acknowledge that our appellate review function has been greatly facilitated by the specificity and clarity with which it set forth the findings of fact and conclusions of law.

Of the issues raised on appeal, only one aspect of the trial court's decision warrants extended discussion. In the instant case, the trial court concluded that it had limited personal jurisdiction over individual defendants Donald Tishman and Richard Broughton and eventually entered deficiency judg-

ments against them personally. Conversely, it concluded that it did not have jurisdiction over individual defendants Mary Jo Tishman and Joann Broughton and hence, dismissed them for lack of personal jurisdiction.

On appeal, both plaintiffs and individual defendants Messrs. Tishman and Broughton allege that the trial court erred in this determination. Plaintiffs allege that the court erred in its dismissal of Mary Jo Tishman and Joann Broughton; Messrs. Tishman and Broughton allege that the court erred in its retention of them as parties defendant. A resolution of this issue requires a dual inquiry: one statutory and one constitutional.

We first address the issue of whether the statutory basis for jurisdiction was satisfied in the instant case.

The trial court posited its grant of jurisdiction upon Michigan's long-arm statute which provides for limited personal jurisdiction over nonresident individuals, MCL 600.705(1); MSA 27A.705(1). This section of the statute provides in pertinent part:

"Sec. 705. The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

"(1) The transaction of any business within the state."

The concept of "limited personal jurisdiction" recognizes that the claim must arise out of the act or acts which create the basis for jurisdiction. In other words, the cause of action must result from

the situation creating the jurisdictional relationship between the defendant and the state.[1]

In the instant case, judgment was sought against the four individual defendants in their capacity as guarantors of the loan agreement between plaintiff Continental Mortgage Investors, a Massachusetts business trust and defendants, Charlevoix Lakes, an Ohio joint venture, consisting of Charlevoix Associates, Inc., an Ohio corporation, and United Charlevoix, Inc., a Florida corporation. The individual defendants, at all times relevant to the litigation, were nonresidents of Michigan. Further, the loan agreement transaction was consummated outside of Michigan. However, the funds from the loan agreement were used for the purchase and development of a recreational condominium project on real estate located in Hayes Township, Charlevoix County, Michigan. Moreover, the loan was to be repaid from the proceeds of the sale of the condominiums to be placed upon the property. The loan was further secured by a first lien mortgage upon such real estate. The narrow question on appeal is whether the individual defendants' acts of being guarantors of the loan agreement creates the "transaction of any business within the state" so as to satisfy the statutory basis for the trial court's grant of limited personal jurisdiction. We conclude that, under the particular facts and circumstances, all of the individual defendants come within the ambits of MCL 600.705(1); MSA 27A.705(1). We are persuaded that this section of the long-arm statute is intended to be liberally

[1] The concept of "limited" personal jurisdiction, however, is not a limitation upon the enforcement, execution on or collection of the resultant judgment. Limited personal jurisdiction is still, as the term applies, jurisdiction in personam. The judgment is entitled to full faith and credit, is enforceable against the defendant personally and can be levied or executed against any assets or property.

construed in favor of recognizing limited personal jurisdiction especially where an ordinary commercial transaction is involved, absent violation of due process of law.

In *Sifers v Horen,* 385 Mich 195; 188 NW2d 623 (1971), the Court recognized jurisdiction under MCL 600.705(1); MSA 27A.705(1) as to a contract which resulted from a conversation between a nonresident lawyer who was lecturing in Michigan and a resident client. The majority, in so holding, made two points which are germane to the instant case. The majority pointed out that the pertinent section used the term "any" business within the state. It further clarified that "[t]he word 'any' means just what it says. It includes 'each' and 'every'. [Citations omitted.] It comprehends 'the slightest' ". *Sifers v Horen, supra,* 199, fn 2. It further noted that long-arm statutes in other states which confer limited personal jurisdiction based on "the transaction of any business within the state" have generally been construed to extend the state's jurisdiction to the farthest limits permitted by due process. Accordingly, the *Sifers* Court gave the same expansive application to the Michigan statute. *Sifers, supra,* 199.

Using the expansive standards set forth in *Sifers,* we have no difficulty in concluding that the acts of the individual defendants in guaranteeing the loan agreement by which the purchase, development and securing of the condominium project in Michigan was made possible and out of which this action arises is within the scope of being "transaction of any business within the state", so as to confer limited personal jurisdiction pursuant to MCL 600.705(1); MSA 27A.705(1). Having concluded that this section is sufficient for the court to assert jurisdiction, it is unnecessary to consider

whether jurisdiction also could be conferred under other sections of the statute.

Accordingly, we next proceed to the second level of analysis to determine if the exercise of jurisdiction over these four individual defendants is compatible with due process of law, as constitutionally mandated.

The limitation imposed by the due process clause upon the assertion of in personam jurisdiction by state courts developed through various landmark United States Supreme Court decisions. *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945), *Perkins v Benguit Consolidated Mining Co,* 342 US 437; 72 S Ct 413; 96 L Ed 485 (1952), *McGee v International Life Insurance Co,* 355 US 220; 78 S Ct 199; 2 L Ed 2d 223 (1957), *Hanson v Denckla,* 357 US 235; 78 S Ct 1228; 2 L Ed 2d 1283 (1958), *Shaffer v Heitner,* 433 US 186; 97 S Ct 2569; 53 L Ed 2d 683 (1977), *Kulko v California Superior Court,* 436 US 84; 98 S Ct 1690; 56 L Ed 2d 132 (1978).

The import of these holdings upon a state's exercise of jurisdiction was recently distilled and discussed by Justice LEVIN in *Khalaf v Bankers & Shoppers Ins Co,* 404 Mich 134, 146-148; 273 NW2d 811 (1978), which we set forth in pertinent part:

"The United States Supreme Court declared in *International Shoe Co v Washington* that, in the context of long-arm jurisdiction, the question under the Due Process Clause is whether the defendant has such 'minimum contacts' with the forum that maintenance of the action 'does not offend "traditional notions of fair play and substantial justice" '. *[International Shoe, supra,* 319.] This has remained the governing standard in the Court's subsequent pronouncements.

"The Court has held that jurisdiction may be maintained in respect to a single act having 'substantial connection' with the state. *[McGee, supra,* 223.] It may

also be exercised over causes of action arising 'from activities entirely distinct' from the defendant's activities in the forum where the nonresident has an adequate relationship with the state. '[G]eneral fairness to the [defendant] * * * [the] amount and kind of activities * * * mak[ing] it reasonable and just to subject the [defendant] to the jurisdiction of that state are to be determined in each case'. *[Perkins, supra, 447-448.]*

"A factor in the analysis is the state's interest in providing 'effective means of redress for its residents'. *[McGee, supra, 223.]*

"It is not enough, however, that the forum state is 'the "center of gravity" of the controversy, or the most convenient location for litigation. The issue is personal jurisdiction, not choice of law. It is resolved in this case by considering the acts of the [defendant]'. *[Hanson, supra, 254.]* Merely because 'a State's law can properly be applied to a dispute, its courts [do not] necessarily have jurisdiction over the parties to that dispute'. *[Shaffer, supra, 215.]*

"It is *'essential in each case* that there be some act by which *the defendant purposefully avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'. (Emphasis supplied.) *[Hanson, supra, 252.]* The defendant's activities will ordinarily be such that he will have 'reason to expect to be haled before' the forum court. *[Shaffer, supra, 216.]*" (Footnotes omitted.)

Applying these "minimal contact" standards to the facts and circumstances of the instant case, we affirm the trial court's decision that Messrs. Donald Tishman and Richard Broughton had sufficient contacts with Michigan and Mary Jo Tishman and Joann Broughton did not have sufficient contacts.

It is evident from the record that the contacts of Donald Tishman and Richard Broughton were neither casual nor fortuitous. Tishman and Broughton were prime movers behind the joint venture formed to develop the real estate project which is the subject of this litigation. Charlevoix

Associates, Inc., an Ohio corporation, was owned by Tishman and Broughton. After the loan was closed, they came into Michigan to close the purchase of the Michigan real estate. Thereafter, they were continually in and out of the state attempting to advance the interests of the project. Because of the nature, quality and quantity of Messrs. Tishman's and Broughton's contacts with Michigan, we are persuaded that these two individual defendants purposefully availed themselves of the privilege of conducting activities within Michigan so that the exercise of jurisdiction within Michigan does not offend traditional notions of fair play and substantial justice.

Conversely, we find that there were insufficient contacts to justify the assertion of personal jurisdiction over Mary Jo Tishman and Joann Broughton. They had no contacts with this forum state other than the mere act of signing the guaranty which was all accomplished in the state of Ohio. This sole isolated act does not constitute a sufficient contact upon which to base personal jurisdiction over a nonresident. Hence, the trial court properly found that the constitutional due process requirement that the defendant have minimal contact in the forum state was not satisfied as to Mary Jo Tishman and Joann Broughton.

For the above stated reasons, the trial court's decision is affirmed.