McGRAW v PARSONS

Docket No. 77003. Submitted November 13, 1984, at Detroit.—Decided
   April 15, 1985. Leave to appeal applied for.

Plaintiff, S. Tenney McGraw, brought an action in Oakland
   Circuit Court to renew a judgment against defendant, Donald
   H. Parsons, which had been obtained in 1972 and which re-
   mained unsatisfied. Defendant had since become a resident of
   Florida. Defendant asserted as a defense lack of personal
   jurisdiction and further alleged that any award of interest on
   the judgment from and after the date of entry of the judgment
   would be inappropriate. The court, David F. Breck, J., granted
   summary judgment in favor of the plaintiff and awarded statu-
   tory judgment interest. Defendant appealed. *Held:*

   1. The action based on the original judgment, whether
   brought pursuant to a new complaint as here or by a writ of
   *scire facias,* is considered to be a continuation of the original
   action such that jurisdiction is proper in the court which
   rendered the original judgment.

   2. In addition, the defendant had sufficient minimum contacts
   with Michigan to satisfy the test for conferring limited personal
   jurisdiction pursuant to MCL 600.705.

   3. The original judgment provided for interest to the date of
   that judgment. That provision, being an award of prejudgment
   interest, does not prevent the awarding of statutory interest in
   the present judgment.

   Affirmed.

1. JUDGMENTS — ACTION ON JUDGMENT — JURISDICTION.

   Any action on a judgment, whether pursuant to a new complaint
   or a writ of *scire facias,* is considered to be a continuation of
   the original action such that jurisdiction is proper in the court
   which rendered the original judgment.

2. COURTS — JURISDICTION — NONRESIDENT DEFENDANTS.

   A three-part inquiry is used to determine whether a nonresident

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments § 971.
[2] 20 Am Jur 2d, Courts §§ 143, 146.
[3] 45 Am Jur 2d, Interest and Usury §§ 59, 60.

defendant has sufficient minimum contacts with the forum state to support the exercise of limited personal jurisdiction: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the defendant's acts must have substantial enough connection with the forum state to make the exercise of jurisdiction reasonable; a further consideration is whether the defendant's conduct and connection with the forum state are such that he would have reasonably anticipated being haled into court there.

3. INTEREST — STATUTORY INTEREST — PREJUDGMENT INTEREST.

Statutory judgment interest is designed to compensate a plaintiff for the loss of use of funds and is mandatory in nature, whereas prejudgment interest is an element of damages awarded as part of the general verdict and may be included in the judgment; an award of prejudgment interest incorporated into the judgment does not preclude an award of statutory interest in a later action brought to enforce the judgment (MCL 600.6013; MSA 27A.6013).

*Fischer, Franklin, Ford, Simon & Hogg* (by *Mark W. McInerney),* for plaintiff.

*Hardig, Goetz, Heath, Merritt & Reebel* (by *Joseph L. Hardig, Jr.* and *Joseph L. Hardig III),* for defendant.

Before: Hood, P.J., and Bronson and R. L. Tahvonen,* JJ.

R. L. Tahvonen, J. On August 10, 1972, the Oakland County Circuit Court entered a consent judgment in favor of plaintiff McGraw and against defendant Parsons, in the amount of $66,666.66, plus interest. The judgment remained unsatisfied, and on May 27, 1982, plaintiff commenced the instant action to renew the judgment pursuant to MCL 600.5809; MSA 27A.5809. Defendant was served with the complaint and summons in Palm Beach County, Florida.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant filed a motion for accelerated judgment averring that he had been a resident of Florida since 1977, and therefore the Oakland County Circuit Court lacked personal jurisdiction over him. The motion was denied and the question certified for immediate appeal, but this Court denied leave to appeal.

Defendant subsequently filed an answer admitting that the August 10, 1972, judgment was valid and remained unsatisfied, and again asserting lack of personal jurisdiction by way of an affirmative defense. Defendant further alleged that interest on the judgment from and after the date of entry was inappropriate. On February 27, 1984, the trial court granted plaintiff's motion for summary judgment and awarded statutory judgment interest. MCL 600.6013; MSA 27A.6013. Defendant appeals as of right.

I

Did the Trial Court Have Personal Jurisdiction Over Defendant?

Defendant concedes that had plaintiff proceeded by obtaining a writ of *scire facias,* which is considered an extension of the original action, mere notice, rather than an independent ground for assertion of personal jurisdiction, would be all that is required. Defendant contends, however, that the present action to renew the judgment under MCL 600.5809; MSA 27A.5809 was a new action which required plaintiff to independently establish personal jurisdiction over defendant. Defendant asserts that, since he has not resided or transacted any business in Michigan since 1977, no personal jurisdiction exists.

While there does not appear to be any Michigan decision directly on point, we agree with other

jurisdictions which have generally deemed any action on the judgment, whether pursuant to a new complaint or a writ of *scire facias,* to be a continuation of the original action such that jurisdiction is proper in the court which rendered the original judgment. See *Smith v Carlson,* 8 Ill 2d 74; 132 NE2d 513 (1956); *Bahan v Youngstown Sheet & Tube Co,* 191 So 2d 668 (La App, 1966); *Donellan Jerome, Inc v Trylon Metals, Inc,* 270 F Supp 996 (ND Ohio, 1967); *First Federal Savings & Loan Ass'n of Coffeyville v Liebert,* 195 Kan 100; 403 P2d 183 (1965).

In addition, an independent basis for assertion of limited personal jurisdiction over defendant exists under MCL 600.705; MSA 27A.705, which states in part:

"The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

"(1) The transaction of any business within the state."

This section was intended to bestow upon the courts the broadest grant of jurisdiction consistent with due process. *Sifers v Horen,* 385 Mich 195; 188 NW2d 623 (1971). To exercise limited personal jurisdiction over a nonresident defendant, due process requires only that the defendant have certain "minimum contacts" with the state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 2d 95 (1945); *Khalaf v Bankers &*

*Shippers Ins Co,* 404 Mich 134; 273 NW2d 811 (1978).

We apply a three-part test for determining whether a given set of circumstances provides sufficient minimum contacts between a nonresident defendant and a forum state to support limited personal jurisdiction. *In-Flight Devices Corp v Van Dusen Air, Inc,* 466 F2d 220 (CA 6, 1972). First, the defendant must purposefully avail himself of the privilege of acting in the forum state, thus invoking the benefits and protections of its laws. *Hanson v Denckla,* 357 US 235; 78 S Ct 1228; 2 L Ed 2d 1283 (1958). Second, the cause of action must arise from defendant's activities in the forum state. Finally, the acts of defendant must have substantial enough connection with the forum state to make the exercise of jurisdiction over defendant reasonable. *In-Flight Devices Corp, supra,* p 226, quoting *Southern Machine Co, Inc v Mohasco Industries, Inc,* 401 F 2d 374, 381, (CA 6, 1968). An important factor bearing upon the reasonableness of asserting jurisdiction is whether defendant's conduct and connection with the forum state are such that he would have reasonably anticipated being haled into court there. *World-Wide Volkswagen Corp v Woodson,* 444 US 286, 297; 100 S Ct 559; 62 L Ed 2d 490 (1980).

In the present case defendant was a resident of Michigan prior to 1977 and did substantial business within the state. Plaintiff made a loan to defendant in 1968, which defendant failed to repay. The instant cause of action clearly arose from defendant's activities here, including the initial loan, the consent judgment and defendant's failure to satisfy his obligations under the consent judgment. Defendant could reasonably have expected to be haled before a Michigan court in the event he failed to satisfy the judgment or the underlying

obligation. We conclude that the minimum contacts test is met in the instant case and that the trial court had limited personal jurisdiction over defendant.

## II

### DID THE TRIAL COURT ERR IN AWARDING STATUTORY INTEREST ON THE JUDGMENT PURSUANT TO MCL 600.6013; MSA 27A.6013?

The original action was based on a promissory note dated January 15, 1968, in the amount of $111,111.10, requiring annual payments of $22,222.22 on January 15 of each year until paid, with interest on the unpaid balance at 6% per annum. The first two annual payments were made, but the payment due January 15, 1970, was not made, and plaintiff brought suit for the balance of $66,666.66, plus interest from January 15, 1970. The August, 1972, consent judgment provided in part:

"It is ordered that judgment be and it is hereby entered in favor of plaintiff and against defendant for the sum of $66,666.66, plus interest at the rate of six percent per annum from January 15, 1970 until the date hereof and without costs to either party hereto."

Defendant contends that the interest provision in the judgment precludes the award of statutory interest. We do not agree.

This Court has recognized the distinction between interest on a judgment, which is purely statutory, and prejudgment interest included as an element of damages. *Moore v Dep't of Military Affairs,* 88 Mich App 657, 660; 278 NW2d 711 (1979). Statutory interest is computed on and added to the judgment. The statutory judgment

interest provision is designed to compensate the plaintiff for the loss of use of the funds and is mandatory in nature. *Osinski v Yowell,* 135 Mich App 279, 288; 354 NW2d 318 (1984). On the other hand, prejudgment interest as an element of damages is awarded as part of the general verdict or, as in the instant case, incorporated into the consent judgment.

We conclude that the 6% interest provision in the 1972 consent judgment does not preclude the award of statutory judgment interest under MCL 600.6013; MSA 27A.6013.

Affirmed.