RAINSBERGER v McFADDEN

Docket No. 104080. Submitted May 9, 1988, at Lansing. Decided February 6, 1989.

Sandra Sue Rainsberger brought a paternity action in Jackson Circuit Court against Shawn C.T. McFadden, alleging that the child was conceived in Canada where defendant permanently resides. An attorney appointed by the court for defendant specially appeared and filed a motion to quash service of process on defendant and a motion for summary disposition on the ground that the court lacked jurisdiction over defendant. The court, Alexander C. Perlos, J., granted summary disposition in favor of defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. The circumstances in this case indicate that defendant does not have sufficient minimum contacts with the State of Michigan to allow a trial court of this state to exercise limited personal jurisdiction over defendant in accordance with due process of law.

2. Defendant did not waive objections relating to jurisdiction merely by submitting a request form for the appointment of counsel.

Affirmed.

1. COURTS — JURISDICTION — LONG-ARM STATUTE.

A three-part inquiry is used to determine whether a nonresident defendant has sufficient minimum contacts with the forum state to support the exercise of limited personal jurisdiction: (1) the defendant must purposely avail himself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the defendant's acts must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable; factors bearing upon reasona'bleness include (1) whether the defendant's conduct and connection with the fo-

REFERENCES

Am Jur 2d, Bastards § 76; Process § 79.

Long arm statutes: obtaining jurisdiction over nonresident parent in filiation or support proceeding. 76 ALR3d 708.

rum state are such that he would have reasonably anticipated being haled into court there, (2) the burden which would be placed on the defendant, (3) the interest of the forum state in the matter, and (4) the interest of the plaintiff in obtaining relief (MCL 600.705; MSA 27A.705).

2. PARENT AND CHILD — PATERNITY ACTIONS — LONG-ARM STATUTE.

Residence in the forum state by a child alleged in a paternity action to be that of the defendant, when such residence is the only contact between the nonresident defendant and the forum state, does not establish sufficient minimum contacts between the defendant and the forum state so as to justify the exercise of limited personal jurisdiction over the defendant by a court of the forum state (MCL 600.705; MSA 27A.705).

3. PARENT AND CHILD — PATERNITY ACTIONS — COURT-APPOINTED COUNSEL — JURISDICTION — WAIVER.

A defendant in a paternity action does not waive his objections to the court's jurisdiction by merely requesting that an attorney be appointed by the court at public expense (MCR 3.202[D]).

*Susan E. Vandercook,* for plaintiff.

*Bruce A. Barton,* for defendant.

Before: SULLIVAN, P.J., and WAHLS and T. E. JACKSON,* JJ.

T. E. JACKSON, J. Plaintiff, Sandra Sue Rainsberger, filed a paternity suit in Jackson Circuit Court on April 17, 1987, alleging that defendant, Shawn McFadden, is the father of her child born August 5, 1980, and that the child was conceived in Canada during November, 1979. Defendant, a resident of Sault Ste. Marie in Ontario, Canada, was personally served with the summons and complaint on August 4, 1987. After being served, defendant requested and received the assistance of a court-appointed attorney, who filed a special appearance to object to the court's jurisdiction and moved to

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

quash service of process and for summary disposition. The trial court granted defendant's motion and the case was dismissed. Plaintiff appeals as of right. We affirm.

Plaintiff contends that, by force of case law, the Michigan long-arm statute, MCL 600.705; MSA 27A.705, gives the Michigan court limited personal jurisdiction over the defendant in this paternity action. Additionally, plaintiff contends that defendant waived any objection to the court's jurisdiction when he requested the appointment of an attorney.

For limited personal jurisdiction to attach, the cause of action must arise from the circumstances creating the jurisdictional relationship between the defendant and the foreign state. *Lazzaro v Charlevoix Lakes,* 108 Mich App 120, 123-134; 310 NW2d 295 (1981). Michigan's long-arm statute, MCL 600.705; MSA 27A.705, provides for limited personal jurisdiction over nonresident individuals under certain circumstances. It reads, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> * * *
>
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

This statute has been construed as giving the courts the broadest grant of jurisdiction consistent

with due process. *McGraw v Parsons,* 142 Mich
App 22, 25; 369 NW2d 251 (1985), lv den 423 Mich
860 (1985). But see *Witbeck v Bill Cody's Ranch
Inn,* 428 Mich 659, 666, n 3; 411 NW2d 439 (1987)
(recognizing a distinction between constitutional
and statutory issues affecting jurisdiction).

Due process under the Fourteenth Amendment
of the federal constitution requires that the defen-
dant have sufficient minimum contacts with the
state so that the maintenance of the action does
not offend traditional notions of fair play and
substantial justice. *Asahi Metal Industry Co, Ltd v
Superior Court of California, Solano Co,* 480 US
102; 107 S Ct 1026, 1029; 94 L Ed 2d 92, 100
(1987); *International Shoe Co v Washington,* 326
US 310, 316; 66 S Ct 154; 90 L Ed 2d 95 (1945);
*Witbeck, supra,* p 666; *Khalaf v Bankers & Ship-
pers Ins Co,* 404 Mich 134, 146; 273 NW2d 811
(1978).

This Court has established a three-part test for
determining whether under a given set of circum-
stances sufficient minimum contacts exist between
a nonresident defendant and the state to support
the due process requirements of limited personal
jurisdiction. *McGraw, supra,* p 26. First, the defen-
dant must purposefully act in or towards the state,
thus availing himself of the protection and benefits
of its laws; second, the cause of action must arise
from the defendant's activities in the state; and
third, the defendant's activities must be substan-
tially connected with the state so that the exercise
of personal jurisdiction over him would be reason-
able. One important factor bearing upon reason-
ableness is whether the defendant would antici-
pate that his actions in the state would result in
his being haled into court there. *McGraw, supra,* p
26, and see *Witbeck, supra,* p 667. Other factors
bearing upon reasonableness include the burden

which would be placed on the defendant, the interest of the state in the matter, and the interest of the plaintiff in obtaining relief. *Asahi Metal,* 107 S Ct 1033-1034; 94 L Ed 2d 105.

As support for her contention that personal jurisdiction over defendant is proper under MCL 600.705(2); MSA 27A.705(2), plaintiff relies on *Black v Rasile,* 113 Mich App 601, 604; 318 NW2d 475 (1980), lv den 411 Mich 987 (1981). The *Black* Court found that the tortious act within the state which established the basis for jurisdiction under the long-arm statute was the putative father's failure to support the child as required by MCL 722.712(a); MSA 25.492(a). The *Black* Court based its opinion on an Illinois paternity case, *Poindexter v Willis,* 87 Ill App 2d 213; 231 NE2d 1 (1967), wherein the Illinois court found that the tortious act which subjected the nonresident defendant to personal jurisdiction was the failure to support the child. The judgment in that case was later given full faith and credit in *Poindexter v Willis,* 23 Ohio Misc 199; 256 NE2d 254 (1970), wherein the Ohio court found that the defendant's failure to support the child established the minimum contacts necessary to support personal jurisdiction in Illinois.

Plaintiff also contends that the exercise of personal jurisdiction authorized by *Black, supra,* would be reasonable under the due process guidelines outlined in *Asahi Metal, supra,* since (1) the burden on defendant would not be great because Sault Ste. Marie, Ontario, is close to Michigan, (2) the state has an interest in the matter because the child is a resident, and the state could become obligated to support the child, and (3) plaintiff has an interest in obtaining financial and social support for the child.

By contrast, defendant contends that the court

cannot properly exercise personal jurisdiction over him to adjudicate the issue of paternity. He argues that the logic of the *Black* decision should be reexamined and rejected in light of later case law in the relevant jurisdictions. Defendant points out that the rationale of *Black* has been repudiated by the two jurisdictions, Illinois and Ohio, on whose decision it was based. In *People v Flieger,* 125 Ill App 3d 604; 80 Ill Dec 739; 465 NE2d 1376 (1984), aff'd 106 Ill 2d 546; 88 Ill Dec 640; 478 NE2d 1366 (1985), the Illinois court declined to follow its earlier holding in *Poindexter, supra,* and held that the defendant had insufficient minimum contacts with the state to justify the exercise of personal jurisdiction over him. The court stated that the reasoning in *Poindexter* was faulty because it assumed as true facts which the plaintiff was trying to prove. Noting that the legal duty to support a child commences only after paternity is established and that a breach of this duty cannot be assumed in order to exercise personal jurisdiction over the defendant to decide if the duty even exists, the court held that the residence in the state of a child alleged to be that of the defendant, when that is the only contact between the defendant and the state, does not establish sufficient minimum contacts between the defendant and the state to justify the exercise of personal jurisdiction over the defendant. In *State ex rel Stone v Court of Common Pleas of Cuyahoga Co, Juvenile Div,* 14 Ohio St 3d 32; 470 NE2d 899 (1984), the Ohio court rejected *Poindexter, supra,* for the same reasons as did the Illinois court in *Flieger, supra.*

Further, defendant argues that he has insufficient minimum contacts with Michigan to allow the trial court to exercise personal jurisdiction over him in accordance with the requirements of due process. He contends that (1) he has not

purposefully acted in or directed any activity towards the state so as to avail himself of the protection of its laws, (2) that the cause of action cannot arise from his activity in the state because he has never acted in the state, and (3) that the exercise of personal jurisdiction over him would be unreasonable, especially given the fact that any cause of action would have materialized in Canada, the alleged site of conception.

This Court agrees with the trial court that the defendant has insufficient minimum contacts with the state to allow the trial court to exercise personal jurisdiction consistent with the requirements of due process. His contacts do not meet the requirements of the test announced in *McGraw, supra.* He did not purposefully act in or towards the state. Any cause of action could not have materialized from his action in the state. He could not have reasonably expected that any action he might have taken in Canada would result in his being haled into court in Michigan. *McGraw, supra,* p 26. Furthermore, his burden would be great as he would be forced to defend himself in a foreign legal system. This particular burden must be weighed in assessing the reasonableness of the exercise of personal jurisdiction. *Asahi Metal,* 107 S Ct 1034; 94 L Ed 2d 105. While the state and plaintiff have an interest in the matter, it is the acts of defendant which determine if the exercise of jurisdiction is proper. *Khalaf, supra,* pp 147-148.

The jurisdiction authorized by *Black, supra,* is insufficient for the reason that the *Black* Court did not consider the due process requirements which must be present before a Michigan court may properly exercise personal jurisdiction. *Witbeck, supra,* p 666; *Khalaf, supra,* pp 146-148. The trial court did not err in quashing service of process and in granting summary disposition.

Plaintiff's alternative contention that defendant waived any objections to the court's exercise of personal jurisdiction by requesting an attorney was not raised before the trial court. An issue which is not preserved at the trial court level cannot be raised for the first time on appeal. *Schanz v New Hampshire Ins Co,* 165 Mich App 395, 408; 418 NW2d 478 (1988). Thus, plaintiff's argument regarding any possible waiver of objection by defendant is not properly before this Court. Even if the issue were preserved for review, it is without merit.

MCR 3.212(D) requires that, when an alleged father is served with a summons and complaint in a paternity action, he must be given a form advising him of his right to the advice of an attorney and to his right to have an attorney appointed at public expense if he is financially unable to provide an attorney of choice. Defendant submitted the form requesting a court-appointed attorney and an attorney was appointed to represent him. Defendant then objected to jurisdiction by a motion in accordance with MCR 2.116(D)(1), which requires that objections to the exercise of personal jurisdiction be raised in a motion or in the party's responsive pleading, whichever is filed first. A form requesting that an attorney be appointed does not qualify as a pleading, as defined in MCR 2.110(A), and is not a motion, as defined in MCR 2.119(A). Plaintiff cites no authority for the proposition that the submission of such a form should be considered a waiver of objections to jurisdiction. This Court is not obligated to search for authority to sustain plaintiff's argument. *Dagen v Village of Baldwin,* 159 Mich App 620, 630; 406 NW2d 889 (1987).

We conclude that defendant did not have sufficient contacts with Michigan to allow the trial

court to exercise personal jurisdiction. The exercise of jurisdiction under the circumstances of this case would violate the Due Process Clause of the Fourteenth Amendment. Further, plaintiff's contention that defendant waived any objection to the court's exercise of personal jurisdiction is not properly before this Court and, in any event, lacks merit.

Affirmed.