WALTER v M WALTER & CO, INC

Docket No. 109491. Submitted June 6, 1989, at Grand Rapids. Decided
     August 9, 1989.
     Marvin J. Walter and several other shareholders in M. Walter &
          Co., Inc., a Delaware corporation doing business in Michigan,
          brought a shareholders' derivative suit in Manistee Circuit
          Court against M. Walter & Co., Inc., and several business
          entities and individuals, including Edwin P. Walter and Rich-
          ard Grotz, both of whom are officers and directors of M. Walter
          & Co., Inc., who do not reside or work in Michigan. Edwin P.
          Walter and Richard Grotz (hereinafter defendants) moved for a
          dismissal of the action as to them, contending that the trial
          court lacked personal jurisdiction. The trial court, James M.
          Batzer, J., denied the motion, finding that it has limited per-
          sonal jurisdiction under the long-arm statute over defendants
          in their capacity as officers and directors of M. Walter & Co.,
          Inc., which transacts substantial business in Michigan and has
          for its principal place of business both Illinois and Michigan.
          Defendants appealed by leave granted.
          The Court of Appeals *held:*
          1. Defendants have sufficient minimum contacts with Michi-
     gan such that the maintenance of this action will not offend
     traditional notions of fair play and substantial justice.
          2. Under the long-arm statute, limited personal jurisdiction
     may be exercised over a nonresident defendant where one of
     several relationships exist between the defendant and the State
     of Michigan. Three of those relationships are: (1) the transac-
     tion of any business within the state; (2) the doing or causing
     an act to be done, or consequences to occur, in the state
     resulting in an action for tort; and (3) acting as a director,
     manager, trustee, or other officer of a corporation incorporated
     under the laws of, or having its principal place of business
     within, the state. Here, while the trial court may have incor-
     rectly concluded that there can be more than one principal

REFERENCES

Am Jur 2d, Courts § 146.
In personam jurisdiction over nonresident director of forum corpo-
     ration under long-arm statutes. 100 ALR3d 1108.

place of business, jurisdiction over defendants is nevertheless proper either because defendants transact business within Michigan or they have done or caused an act to be done, or consequences to occur, in the state resulting in an action for tort.

Affirmed.

1. Courts — Jurisdiction — Long-Arm Statute.

A Michigan court may not exercise limited personal jurisdiction over a nonresident defendant pursuant to the long-arm statute unless the defendant has sufficient minimum contacts with the State of Michigan such that the maintenance of the suit will not offend traditional notions of fair play and substantial justice (US Const, Am XIV; MCL 600.705; MSA 27A.705).

2. Courts — Jurisdiction — Long-Arm Statute — Minimum Contacts.

A three-part inquiry is used to determine whether a nonresident defendant has sufficient minimum contacts with the State of Michigan to support the exercise of limited personal jurisdiction by a Michigan court: (1) the defendant must purposely avail himself of the privilege of conducting activities in Michigan; (2) the cause of action must arise from the defendant's activities in Michigan; and (3) the defendant's acts must have a substantial enough connection with Michigan to make the exercise of jurisdiction reasonable (MCL 600.705; MSA 27A.705).

*Landman, Latimer, Clink & Robb* (by *Steven C. Kohl* and *Mary A. Owens*), for plaintiffs.

*Warner, Norcross & Judd* (by *William K. Holmes* and *Kathleen M. Henenburg*), for defendants Edwin P. Walter and Richard Grotz.

Before: Cynar, P.J., and Cavanagh and N. J. Kaufman,* JJ.

Per Curiam. Defendants, Edwin P. Walter and Richard Grotz, appeal by leave granted from the order of the circuit court finding defendants sub-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ject to limited personal jurisdiction in Michigan. We affirm.

This case concerns a shareholders' derivative suit against, among others, two of defendant M. Walter & Co.'s officers and directors on the basis of mismanagement of corporate assets and usurpation of corporate opportunities. M. Walter & Co., Inc., is a Delaware corporation that does substantial business in Michigan growing, harvesting and marketing Christmas trees throughout the United States and Canada. The corporation has its principal place of business in Chicago.

Defendant Edwin P. Walter lives in Illinois, and his sole place of employment is at M. Walter & Co. in Chicago where he has performed all fiduciary duties and responsibilities with respect to this suit. He has no other related contacts with Michigan. He was served by mail in Illinois.

Defendant Richard Grotz lives, for tax purposes, in California 8½ months a year, and the balance in Montana. Besides being a director of M. Walter & Co., he owns fifty percent of the stock in A. Walter, Inc., a Montana corporation, which does no business at all in Michigan. Mr. Grotz has been to Michigan only once in the last twenty years, and the visit was unrelated to business. He was served by mail in California.

The trial court found defendants subject to limited personal jurisdiction because the corporation in which they are directors does substantial business in Michigan, and the Michigan long-arm statute, as well as traditional notions of procedural fairness, are not offended by requiring them to come here and defend a suit.

Michigan's long-arm statute, MCL 600.705; MSA 27A.705, provides for limited personal jurisdiction over nonresident individuals under certain circumstances. The statute provides in pertinent part:

The existence of any of the following relation-
ships between an individual or his agent and the
state shall constitute a sufficient basis of jurisdic-
tion to enable a court of record of this state to
exercise limited personal jurisdiction over the indi-
vidual and to enable the court to render personal
judgments against the individual or his represen-
tative arising out of an act which creates any of
the following relationships:

(1) The transaction of any business within the
state.

(2) The doing or causing an act to be done, or
consequences to occur, in the state resulting in an
action for tort.

\* \* \*

(6) Acting as a director, manager, trustee, or
other officer of a corporation incorporated under
the laws of, or having its principal place of busi-
ness within the state.

However, whether jurisdiction under the statute
attaches in a particular case requires a two-step
analysis. First, whether the exercise of limited
personal jurisdiction violates the Due Process
Clause of the Fourteenth Amendment of the
United States Constitution. If not, then whether
the rules of statutory construction support such an
exercise of jurisdiction over defendants. *Witbeck v
Bill Cody's Ranch Inn,* 428 Mich 659, 666, n 3; 411
NW2d 439 (1987); but see *Rainsberger v McFad-
den,* 174 Mich App 660, 662-663; 436 NW2d 412
(1989) (statute construed as giving the courts the
broadest grant of jurisdiction consistent with due
process).

Due process under the Fourteenth Amendment
requires that the defendant have sufficient mini-
mum contacts with the forum state such that the
maintenance of the suit does not offend traditional
notions of fair play and substantial justice. *Inter-
national Shoe Co v Washington,* 326 US 310, 316;

66 S Ct 154; 90 L Ed 2d 95; 161 ALR 1057 (1945); *Witbeck, supra,* p 666; *Rainsberger, supra,* p 663.

This Court has developed a three-part inquiry to determine whether a nonresident defendant has sufficient minimum contacts with Michigan to support the exercise of limited personal jurisdiction. First, the defendant must have purposely availed himself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of this state's laws. Second, the cause of action must arise from the defendant's activities in Michigan. Finally, the defendant's activities must have a substantial enough connection with Michigan to make the exercise of jurisdiction over the defendant reasonable. *Rainsberger, supra,* p 663; *McGraw v Parsons,* 142 Mich App 22, 26; 369 NW2d 251 (1985), lv den 423 Mich 860 (1985).

The first prong is satisfied as defendants concede M. Walter & Co., Inc., does a substantial business farming, harvesting, and marketing Christmas trees in Michigan. Because of the magnitude of the operations, and a potential "huge loss to the corporation" from plaintiffs' alleged interference that defendant M. Walter & Co. alludes to in its answer, it is clear that the corporation, of which defendants-appellants are directors and officers, has purposely availed itself of the privilege of doing business in Michigan.

The second prong is also satisfied by plaintiffs' allegations in their verified complaint and petition for temporary restraining order, and first amended and supplemental complaint. Plaintiffs accuse defendant M. Walter & Co. of shipping unmarked trees, failing to keep proper accounts of trees shipped, and refusing plaintiffs the opportunity to inspect the corporation's books. Plaintiffs specifically allege defendant Edwin Walter breached his fiduciary duty to M. Walter & Co. by failing to

account for corporate assets, funds and inventory. With respect to both Edwin Walter and defendant Richard Grotz, plaintiffs allege conspiracy to diminish the business value of M. Walter & Co. through usurpation of corporate opportunities, misappropriation of assets and causing M. Walter & Co. to pay excessive compensation for the purchase of trees and land. Because most of these complained of activities are alleged to have occurred with respect to M. Walter & Co.'s Michigan properties, it is reasonable to conclude that the cause of action arose from defendant's activities in Michigan.

Finally, with regard to the third prong, an important factor bearing upon the reasonableness of exercising personal jurisdiction in this case is whether defendants' conduct and connection with Michigan are such that they would have reasonably anticipated being haled into court here. *Rainsberger, supra,* p 663; *McGraw, supra,* p 26. In its counter-complaint defendant corporation claimed that due to plaintiffs' alleged interference, M. Walter & Co. would suffer damages in excess of $250,000 from late deliveries of Christmas trees grown, harvested and marketed in Michigan. Directors or officers of any corporation capable of suffering such losses from operations in this state should reasonably anticipate being haled into a Michigan court. Because defendants-appellants are directors and officers of a corporation doing substantial business in Michigan, they are charged with responsibility for managerial decisions which, while perhaps communicated by letter or telephone from Chicago to supervisors in this state, nevertheless have a significant impact on Michigan workers and property.

Consequently, we find the due process require-

ments of the Fourteenth Amendment satisfied, and must now address the second, statutory construction step of our analysis.

It is well established that courts may not speculate as to the probable intent of the Legislature beyond the words employed in the statute, and when the language of the statute is clear and unambiguous, the statute must be applied and not interpreted. *Pi-con, Inc v A J Anderson Construction Co,* 169 Mich App 389, 395; 425 NW2d 563 (1988). Further, specific words in a given statute will be assigned their ordinary meaning unless a different interpretation is indicated. *Oshtemo Twp v Kalamazoo,* 77 Mich App 33, 39; 257 NW2d 260 (1977), lv den 402 Mich 814 (1977); MCL 8.3a; MSA 2.212(1).

The trial court interpreted § 705(6) as permitting the existence of more than one principal place of business. Defendants contend that the plain meaning of the word "principal" connotes a singular, rather than plural, meaning. Although the trial court may have incorrectly interpreted an arguably clear statutory term, we nevertheless find no error since §§ 705(1) and (2) clearly support a finding of jurisdiction under the statute.

The fact that defendants transact business within Michigan is inarguable, so subsection 1 is satisfied. Plaintiffs assert that defendants have, by their directorial activities and omissions, caused misappropriation of corporate funds and mismanagement of corporate assets, both of which are acts resulting in actions for tort, so subsection 2 is also satisfied. This Court will affirm when a trial court reaches the right result, albeit for the wrong reason. *Warren v Howlett,* 148 Mich App 417, 426; 383 NW2d 636 (1986).

Affirmed.