CITY SUBURBAN AGENCY, INC v DADE HELICOPTER
SERVICES, INC

Docket No. 75744. Submitted December 18, 1984, at Detroit.—Decided
March 4, 1985.

Dade Helicopter Services, Inc., and others, all Florida corpora-
tions, owed insurance premiums to City Suburban Agency, Inc.,
a Michigan coproration. Associated Aviation Underwriters,
Inc., owed the Florida corporations refunds on several unre-
lated insurance policies. City Suburban filed suit against Dade
Helicopter and the other Florida corporations in Oakland Cir-
cuit Court seeking $14,878.38 owed by defendants for insurance
premiums, costs, interest and attorney fees. Plaintiff's com-
plaint requested that the trial court issue a prejudgment writ
of garnishment against Associated Aviation Underwriters on
the grounds that defendants were not subject to in personam
jurisdiction in Michigan, that plaintiff might lose the
$14,878.38 if the writ were not issued, and that plaintiff had no
other remedy against defendants. The court, George H. La-
Plata, J., issued the writ. Defendants entered a special appear-
ance to contest jurisdiction and to quash the writ, arguing (1)
that if the insurance contracts were executed in Michigan, the
court would have in personam jurisdiction under the long-arm
statutes and that therefore the prejudgment garnishment stat-
ute would not apply and (2), alternatively, if the court did not
have in personam jurisdiction, the prejudgment garnishment
statute was unconstitutional. The court found that no in perso-
nam jurisdiction existed over defendants and denied defen-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Courts § 146.
    Construction and application of state statutes or rules of court
        predicating in personam jurisdiction over nonresidents or foreign
        corporations on making or performing a contract within the
        state. 23 ALR3d 551.
    Validity, as a matter of due process, of state statutes or rules of
        court conferring in personam jurisdiction over nonresidents or
        foreign corporations on the basis of isolated business transaction
        within state. 20 ALR3d 1201.
[2] 20 Am Jur 2d, Courts § 120.

dants' motion to quash the writ. Defendants appealed by leave granted. *Held:*

1. The prejudgment garnishment statute applies only where a defendant has no minimum contacts with the state. Quasi in rem jurisdiction, as sought by plaintiff in this case, may not be obtained in the absence of minimum contacts by the defendants with the forum state. The prejudgment garnishment statute is unconstitutional in that it allows jurisdiction over defendants in derogation of the minimum contacts standard. The trial court's orders are set aside, the writ of garnishment is dissolved, and the case is remanded to the trial court to determine whether in personam jurisdiction exists.

Reversed and remanded.

1. COURTS — JURISDICTION — LONG-ARM STATUTES — DUE PROCESS.

Personal jurisdiction may be obtained over an out-of-state defendant under the Michigan long-arm statutes to the farthest extent permitted by due process; due process requires only that a defendant have certain minimum contacts with the state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

2. COURTS — JURISDICTION — QUASI IN REM JURISDICTION — MINIMUM CONTACTS — STATUTES.

Quasi in rem jurisdiction may not be obtained in the absence of minimum contacts by the defendant with the forum state, and a statute which allows jurisdiction over defendants in derogation of the minimum contacts standard is unconstitutional (MCL 600.4011[3]; MSA 27A.4011[3]).

*Monaghan, Campbell, LoPrete, McDonald & Sogge* (by *James J. Williams),* for plaintiff.

*Cook, Pringle, Simonsen & Goetz, P.C.* (by *William H. Horton),* for defendant.

Before: BRONSON, P.J., and HOOD and SHEPHERD, JJ.

BRONSON, P.J. This case arises from plaintiff's attempt to secure insurance premiums owed by defendants. Plaintiff, an insurance agency, filed its complaint seeking $14,878.38 owed by defendants, residents of Florida, for insurance premiums, costs,

interest and attorney fees. Count III of plaintiff's complaint requested the trial court to issue a prejudgment writ of garnishment against Associated Aviation Underwriters, Inc., which owed defendants refunds on several unrelated insurance policies. An affidavit from plaintiff's attorney was included, stating that defendants were not subject to in personam jurisdiction in Michigan, that he was apprehensive of plaintiff's losing the $14,878.38 if a writ did not issue, and that plaintiff had no other remedy against defendants. On the basis of this affidavit, the court issued a writ pursuant to MCL 600.4011(3); MSA 27A.4011(3).

Defendants entered a special appearance to contest jurisdiction and to quash the writ. Defendants argued that if the insurance contracts were executed in Michigan, the Michigan long-arm statutes provide for in personam jurisdiction and therefore the prejudgment garnishment statute would not apply. Alternatively, defendants argued that if the court did not have in personam jurisdiction, the prejudgment garnishment statute was unconstitutional. The trial court found that no in personam jurisdiction existed over defendants and denied defendants' motion to quash the writ. Defendants now appeal by leave granted. We reverse.

MCL 600.4011(3); MSA 27A.4011(3) states:

"A writ of garnishment may be issued before judgment only as provided in this subsection. Upon ex parte application showing that the person against whom the claim is asserted is not subject to the judicial jurisdiction of the state or, after diligent effort, cannot be served with process as required to subject him to the judicial jurisdiction of the state, a copy of the writ of garnishment shall be served upon the person against whom the claim is made in the same manner as provided by rules of the supreme court for service of process in other civil actions in which personal jurisdic-

tion over the defendant is not required. Upon rendition of judgment in the principal action, the obligation or property garnished shall be applied to the satisfaction of the judgment."

Under the terms of this statute, prejudgment garnishment is available only where the court issuing the writ of garnishment does not have personal jurisdiction over a defendant. Personal jurisdiction may be obtained over an out-of-state defendant under the Michigan long-arm statutes to the farthest extent permitted by due process. *Sifers v Horen,* 385 Mich 195; 188 NW2d 623 (1971). Due process requires only that a defendant have certain minimum contacts with the state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945); *Kiefer v May,* 46 Mich App 566; 208 NW2d 539 (1973). It is, therefore, only in the absence of minimum contacts that the prejudgment garnishment statute is applicable.

It is apparent that plaintiff in the instant case is seeking to obtain quasi in rem jurisdiction for its contract action by garnishing an obligation owed to defendants. In *Shaffer v Heitner,* 433 US 186; 97 S Ct 2569; 53 L Ed 2d 683 (1977), the Supreme Court held that quasi in rem jurisdiction may not be obtained in the absence of minimum contacts by a defendant with the forum state.

We hold, therefore, that MCL 600.4011(3); MSA 27A.4011(3) is unconstitutional in that it allows jurisdiction over defendants in derogation of the minimum contacts standard. The trial court's orders are set aside and the writ of garnishment is dissolved. We remand to the circuit court to deter-

mine whether in personam jurisdiction exists and for further proceedings on plaintiff's contract action in accordance with that determination.

Reversed and remanded.