Lori Jane PERRY, Plaintiff,

v.

Thomas E. KEMPTON,
et al., Defendants.

No. C–1–94–291.

United States District Court,
S.D. Ohio,
Western Division.

Sept. 12, 1994.

Michael Joseph Bergmann, Benjamin, Yocum & Heather, Cincinnati, OH, for Lori Jane Perry.

Robert S. Brown, Brown, Cummins & Brown, Cincinnati, OH, for Thomas E. Kempton, Kempton Group Inc.

Mitchell Burton Goldberg, Strauss & Troy, Cincinnati, OH, for Thomas J. Abramson.

*ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IMPROPER VENUE*

SPIEGEL, District Judge.

This matter is before the Court on Defendant Thomas J. Abramson's (hereinafter

"Abramson") Motion to Dismiss for Lack of Personal Jurisdiction (doc. 2), Defendants Thomas E. Kempton (hereinafter "Kempton") and the Kempton Group, Inc.'s (hereinafter "Kempton Group") Motion to Dismiss for Improper Venue (doc. 3), Plaintiff's Memorandum in Opposition to Defendant Abramson's Motion to Dismiss (Doc. 7), Plaintiff's Memorandum in Opposition to the Defendants, Mr. Kempton and the Kempton Group's, Motion to Dismiss (doc. 9), Defendant Abramson's Reply Memorandum (doc. 10), and Defendants, Mr. Kempton and the Kempton Group's, Reply Memorandum (doc. 12).

Finally, we note that the Plaintiff has filed a Motion to Strike Mitchell B. Goldberg's affidavit (doc. 15) to which the Defendant has not replied. In the interest of justice, we DENY the Plaintiff's motion. In reaching our decision below we have considered Mitchell Goldberg's affidavit and have given it the appropriate weight.

## BACKGROUND

The Plaintiff, Lori Jane Perry, is a resident of the State of Texas, Defendant Thomas J. Abramson is a resident of California, and Defendants Thomas E. Kempton and the Kempton Group, Inc. are residents of Ohio. The Plaintiff filed this suit alleging that the Defendants committed a fraud against her.

Mr. Abramson, Vice–President of Ice Capades, hired the Plaintiff to secure a sponsor for his company. The Plaintiff alleges that she established a contact with L'eggs Products, Inc. (hereinafter "L'eggs") between 1986 and 1990 and that in his capacity as Vice–President, Mr. Abramson, then granted her the exclusive right to represent Ice Capades in negotiations with L'eggs on October 15, 1990. The Plaintiff contracted to receive 20% of the 3.5 million dollar sponsorship contract with L'eggs. Mr. Abramson and the Kempton Group, however, allegedly tortiously and fraudulently interfered with Plaintiff's signing with L'eggs, and thereafter allowed her contract to terminate and appropriated her commissions. Plaintiff then filed this lawsuit alleging that the Kempton Group, Mr. Kempton and Mr. Abramson tortiously interfered with her contract with Ice Capades to obtain a sponsor.

Plaintiff claims that Mr. Abramson, a California resident, is subject to personal jurisdiction in Ohio. She maintains that since Mr. Abramson paid the Kempton Group, an Ohio corporation, and retains the Kempton Group for consulting, he does business in Ohio, and that the fraudulently procured money was transferred into Ohio, and thus, that is where the fraud occurred. Additionally, the Plaintiff asserts that venue is proper in the Southern District of Ohio because that is where the Defendants allegedly conspired to interfere in Plaintiff's procurement of L'eggs sponsorship.

## DISCUSSION

### 1. Personal Jurisdiction

■ For a court to properly exercise personal jurisdiction over an out-of-state defendant, the court must first determine whether the exercise of personal jurisdiction is permitted under the long arm statute of the forum state. *In–Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220, 224 (6th Cir. 1972), *see also Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Ohio Rev.Code § 2307.382(A)(1), (3) (1988). If so, the court must also determine whether the extension of such jurisdiction violates notions of fair play encompassed by the due process clause of the Fourteenth Amendment. *Id. See also International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In Ohio "our real task is simpler since we can conclude that the Ohio legislature intended to extend the jurisdiction of its courts to the Constitutional limits...." *In–Flight Devices,* 466 F.2d 220, 224 (1972).

■ The Plaintiff has the burden of establishing that the court has personal jurisdiction by the preponderance of the evidence. *American Greetings Corp. v. Cohn,* 839 F.2d 1164, 1168 (6th Cir.1988). The Plaintiff has succeeded in meeting this burden through her pleadings, affidavits and the preliminary hearing. Accordingly, we find that Mr. Abramson is subject to the jurisdiction of this Court.

According to the Ohio Long Arm Statute, the Plaintiff must show that the claim arose out of a transaction of business within the state or from tortious conduct that occurred in the state. Ohio Rev.Code § 2307.382(A)(1), (3) (1988). Because we find that the Defendants carried out the acts that are alleged to constitute a conspiracy to defraud in Ohio, we need not decide whether a specific transaction of business occurred in Ohio.[1] *Id.* at § 2307.382(A)(3). The Plaintiff alleges that Mr. Abramson conspired with Mr. Kempton and the Kempton group, both Ohio residents, to tortiously interfere with her contract with Ice Capades and her procurement of L'eggs sponsorship. Plaintiff's allegations are supported by an affidavit of one of the former Kempton Group employee's, Pamela Reed, who indicates that Mr. Abramson was receiving money in checks made out to him from the Kempton group in 1991–92, when the Kempton Group was an Ohio Corporation with its principal place of business in Ohio. While the checks going from Ohio to California alone may not confer jurisdiction upon an Ohio court, the fact that they allegedly furthered a conspiracy to defraud the Plaintiff does make Mr. Abramson subject to this Court's jurisdiction.

■ The Plaintiff has also satisfied the due process requirements of the Fourteenth Amendment. The Sixth Circuit has developed an approach to the application of the Ohio Long Arm Statute that is consistent with the due process analysis of *International Shoe*. *Priess v. Fisherfolk*, 535 F.Supp. 1271, 1273 (S.D.Ohio 1982). In doing so the Sixth Circuit established a three-part test.

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing a consequence in the forum state. Next, the cause of action must arise from the defendant's contact with the forum state. Third, the defendant's activities or consequences must have substantial connection with the forum state so as to make the exercise of jurisdiction over the defendant reasonable. *See National Can Corp. v. K Beverage Co.*, 674 F.2d 1134, 1137–38 (6th Cir.1982) (citing *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968)).

All three parts of the Sixth Circuit test are satisfied. Mr. Abramson purposefully availed himself of Ohio law when he allegedly conspired with Mr. Kempton and the Kempton group, both Ohio residents, to defraud the Plaintiff. When Mr. Abramson entered into the alleged agreement with Mr. Kempton and the Kempton Group to defraud the Plaintiff, he should have reasonably foreseen that any such agreement would have consequences in Ohio, especially since it was being carried out in Ohio. *See, e.g., In–Flight Devices*, 466 F.2d at 226 (if the defendant should have foreseen that the transaction entered into would have consequences within the state, she has purposefully availed herself of that state's jurisdiction). Second, the cause of action allegedly arose from the conspiracy to defraud the Plaintiff, which began in Kentucky and continued in Ohio.[2] Finally, conspiring with an Ohio corporation to defraud someone and receiving checks in a personal capacity in furtherance of that conspiracy provides sufficient contacts with Ohio

---

**1.** We do not make any decision here as to whether a fraud has actually been committed, but only that a sufficient number of the acts occurred in Ohio to make Mr. Abramson subject to this Court's jurisdiction.

**2.** Some courts have found that acts of a co-conspirator, performed in the forum state in furtherance of the conspiracy, constitute sufficient contacts to establish personal jurisdiction over an absent conspirator who has no other contact with the forum. *See McDonald v. St. Joseph's Hosp.*, 574 F.Supp. 123, 127 (N.D.Ga.1983) ("[T]he court recognizes the 'conspiracy theory of personal jurisdiction' whereby jurisdiction can be obtained over a nonresident conspirator who has insufficient direct contacts with the forum when substantial acts in furtherance of the con-

spiracy were committed in the forum"); *Cawley v. Bloch*, 544 F.Supp. 133, 135 (D.Md.1982) (the conspiracy theory applies where the overt act was committed by a resident conspirator and had the non-resident conspirator committed the act, she would be subject to jurisdiction in the forum state); *Leasco Data Processing Equip. Corp. v. Maxwell*, 319 F.Supp. 1256 (S.D.N.Y. 1970) (establishing the conspiracy theory of personal jurisdiction). Although Mr. Abramson would be subject to personal jurisdiction under this test, we need not apply it today because we find that the alleged acts committed by Mr. Abramson fall within the well-established Sixth Circuit three-part test. *See National Can Corp.*, 674 F.2d at 1137–38.

to foresee being personally haled into court in Ohio. Therefore, we find that Mr. Abramson is subject to the Court's jurisdiction.

## 2. Venue

■ Defendants the Kempton Group and Mr. Kempton filed a motion to dismiss for improper venue. Venue in this action is governed by the provisions of 28 U.S.C. § 1391(a) which provide:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated ...

Because we have found that a substantial part of the events occurred in Ohio, and that most of the money Plaintiff has a claim to was allegedly divided between the Defendants in Ohio, we find that venue is proper in the Southern District of Ohio.

## CONCLUSION

Accordingly, we hereby DENY the Defendant, Thomas J. Abramson's, Motion to Dismiss for Lack of Personal Jurisdiction, and the Defendants, Thomas E. Kempton and the Kempton Group, Inc.'s, Motion to Dismiss for Lack of Venue. A Preliminary Pre–Trial Conference has been set for October 19, 1994 at 8:30 A.M.

SO ORDERED.