The **COFFEE BEANERY, LTD., Plaintiff,**

v.

**William Andrew POWELL, and John S. Powell Individually and as Trustee, Jointly and Severally, Defendants.**

**No. 96–40087.**

United States District Court, E.D. Michigan, Southern Division.

July 31, 1996.

Alan M. Kanter, Shapack, McCullough & Kanter, Bloomfield Hills, MI, for John S. Powell.

Stanford P. Berenbaum, David A. Ettinger, Detroit, MI, for Coffee Beanery, Ltd.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

GADOLA, District Judge.

## INTRODUCTION

Plaintiff, The Coffee Beanery, brings this action to recover debts in the amount of $840,000 allegedly owed to it by defendant William Powell. The plaintiff also brought suit against William Powell's father, John Powell, who is the administrator of William Powell's trust fund. Plaintiff claims that John Powell guaranteed that he would release trust funds for any debts incurred by his son as a result of his business dealings with the plaintiff. Defendant John Powell moves to dismiss this action against him for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2).

## I. FACTS

Defendant John Powell, a resident of the state of North Carolina, is the administrator of a trust for his son, defendant William Powell. On February 12, 1993, John Powell wrote a letter to his son declaring that he would release funds from the trust to finance the venture between William Powell and the

plaintiff.[1] John Powell sent the letter to his son in California. On February 16, 1993, William Powell and The Coffee Beanery entered into a franchise agreement. This franchise agreement gave William Powell the right to operate a Coffee Beanery store in the Burbank Mall in Burbank, California. On February 1, 1994, William Powell entered into an additional franchise agreement with the plaintiff to open another store. This store was later opened in Santa Monica, California. On March 27, 1995, John Powell discharged another letter to his son assuring that he would have access to the funds in his trust.[2] Both franchise agreements between the plaintiff and William Powell contained forum selection clauses stipulating that any litigation would take place in Michigan.

Both letters sent by John Powell to the plaintiff, although addressed to "To Whom It May Concern," were intended to reassure the plaintiff of William Powell's financial security. The plaintiff has submitted affidavits indicating that it would not have accepted William Powell as a franchisee without the letters sent by John Powell.

On January 4, 1996, William Powell closed his franchise in Santa Monica, purportedly because of financial difficulties. The next day the plaintiff terminated both of its franchise agreements with the defendant. On February 20, 1996, William Powell brought an action against the plaintiff in California state court asserting claims of negligent misrepresentation and violation of California's Franchise Investment Law. On March 1, 1996, the plaintiff brought the present action against both John and William Powell before this court. On March 12, 1996, The Coffee Beanery removed the action against it to federal court in California. The United States District Court for the Central District of California transferred the case to this court.[3]

## II. ANALYSIS

The precise issue in the case at bar is whether this court may exercise *in personam* jurisdiction over defendant John Powell, a North Carolina resident. A two step analysis is necessary to determine whether a court can exercise personal jurisdiction in a diversity case. First, the court must determine whether the state long arm statute authorizes jurisdiction over the non-resident defendant. Second, the court must consider whether the exercise of jurisdiction is consistent with the constitutional guarantee of due process. *National Can Corp. v. K Beverage Co.*, 674 F.2d 1134, 1136 (6th Cir.1982) (citing *Poyner v. Erma Werke GmbH*, 618 F.2d 1186, 1188 (6th Cir.), *cert. denied, Insurance Co. of North America v. Poyner*, 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980)).

### A. Jurisdictional Reach of the Michigan Long Arm Statute

In the present case the applicable long arm statute is M.C.L. § 600.705. Section 600.705 specifies:

The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his

---

1. The letter, dated February 12, 1993, provides:
   To Whom It May Concern.
   Attached is a confidential statement of the Trust Account Assets for William A. Powell. As Trustee, I agree to release these assets as necessary to fund Mr. Powell's venture with the Coffee Beanery, LTD.
   [signed John S. Powell Trustee]
   John S. Powell, Trustee

2. The second letter, dated March 27, 1995, provides:
   To Whom It May Concern
   This is to advise you that as Trustee of the William A. Powell Trust Fund, IRS 56-

6234838 I have agreed to give Mr. Powell access to the assets of the Trust to use as he sees fit for the benefit of his commercial enterprises with the Coffee Beanery, LTD.
   Should you have any questions please call me (910) 226–1380 or write to me at the address shown on this letter.
   Yours truly,
   [signed John S. Powell]
   John S. Powell, Trustee

3. This case, also before this court, is civil case number 96–40202.

representative arising out of an act which creates any of the following relationships:

(1) The transaction of any business within the state.

\* \* \* \* \* \*

(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

The plaintiff argues that John Powell's letters constitute either the transaction of business in Michigan or a contract to render services in Michigan. Defendant John Powell counters that the letters are neither. Powell argues that he was not a party to the contract between the plaintiff and defendant William Powell, and thus did not transact any business in Michigan. Powell also contends that the letters did not constitute a guarantee and, thus, were not contracts to render services in Michigan.

■ Michigan courts have interpreted § 600.705 to extend the jurisdictional reach of the long arm statute to the constitutional limit imposed by the Due Process Clause of the Fourteenth Amendment. *Sifers v. Horen,* 385 Mich. 195, 188 N.W.2d 623 (1971); *City Suburban Agency v. Dade Helicopter Services, Inc.,* 141 Mich.App. 241, 366 N.W.2d 259 (1985). Therefore, if this court finds that the exercise of jurisdiction over John Powell is constitutionally permissible, his actions fall within the reach of the Michigan long arm statute. *National Can,* 674 F.2d at 1136. Accordingly, this court will now turn to an analysis of the constitutionality of the exercise of personal jurisdiction over defendant John Powell.

**B. Minimum Contacts Standard**

■ When a defendant raises a jurisdictional question under Fed.R.Civ.P. 12(b)(2) the court may resolve the issue "on the basis of affidavits alone; or it may permit discovery in the aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Serras v. First Tennessee Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir.1989). When relying on affidavits alone, the court must view the pleadings in a light most favorable to the plaintiff. *Id.* The plaintiff has only the burden of making a

prima facie showing of the existence of personal jurisdiction. *American Greetings Corp., v. Cohn,* 839 F.2d 1164, 1169 (6th Cir.1989).

■ The Supreme Court set forth the modern constitutional standard for the assertion of *in personam* jurisdiction in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In *International Shoe* the Court stated that a non resident defendant not present within the forum state must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantive justice.'" *Id.* at 316. The imprecise meaning of the term "minimum contacts" makes the determination of the scope of personal jurisdiction an arduous one that requires careful consideration of the facts present in each case.

■ In *Southern Mach. Co. v. Mohasco Indus. Inc.,* 401 F.2d 374 (6th Cir.1968), the Sixth Circuit Court of Appeals outlined the standard for determining jurisdictional issues:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 381. Only in a rare instance will the reasonableness portion of the test be found lacking where the first two parts of the test are satisfied. *Theunissen v. Matthews,* 935 F.2d 1454, 1460 (6th Cir.1991).

The purposeful availment requirement was first advanced by the Supreme Court in *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In *Hanson* the Court held that "[i]t is essential that in each case there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus involving the benefit and protections of its laws." *Id.* at 253, 78 S.Ct. at 1240.

■ This requirement is necessary to provide some measure of fairness in the application of personal jurisdiction by states. There is a need for reciprocity between the proposed defendant and the forum state. Fairness dictates that a person should not be called to answer to the laws of a state if that person has not received some benefit from those same laws. *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). The benefit need not be realized. For example, a person who has contracted to do business with a Michigan corporation would be protected by Michigan's laws governing such activities, and thus would benefit from those laws, even if there was no need to invoke their protection. Mutuality of protection does not, by itself, constitute minimum contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (defendant's purchases made in forum state not sufficient to establish minimum contacts). It does, however, furnish a good starting point for the determination of minimum contacts.

■ In the case at bar the plaintiff has failed to make a prima facie showing that defendant John Powell has purposely availed himself of the laws of Michigan. The cases cited by the plaintiff in support of personal jurisdiction are all easily distinguishable. Consequently, this court may not constitutionally exercise its jurisdiction over defendant John Powell.

The case cited by the plaintiff that is most factually similar to the case at bar is *National Can Corp. v. K Beverage Co.*, 674 F.2d 1134 (6th Cir.1982). In *National Can* the Sixth Circuit held that a state could exercise jurisdiction over the absent non-resident guarantors where the guarantors had an economic interest in the enterprise they were backing. *Id.* at 1137. This is distinguishable from the present case. First, it has not been established that the letters sent by John Powell constitute guarantees. Second, even if the standard of review requires this court to assume the letters are guarantees, there is

no proof before this court that John Powell has any economic interest in his son's Coffee Beanery franchises. Unlike the defendant in *National Can*, John Powell is not receiving the benefits of the laws of Michigan through the protection of an economic interest and thus, should not be subjected to the jurisdiction of the state.

The plaintiff also cites *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76 (2nd Cir. 1993). In *Petra Bank* the Second Circuit held that "the guaranteeing of the Notes by Petra Bank, including the promise to make payment to a New York-based company in New York, constitutes [purposeful availment]." *Id.* at 82. Again, it has not been proven that the letters written by John Powell constitute a guarantee. Assuming, however, that the letters are guarantees, *Petra Bank* is still distinguishable. In *Petra Bank*, the defendant had direct dealings with the plaintiff in the forum state.[4] John Powell had no direct dealings with the plaintiff. The letters promising to release the trust funds were sent directly from John Powell to his son in California. At no time did John Powell conduct business directly with the plaintiff. In the present case the defendant denies that he had any knowledge that the plaintiff was a Michigan corporation and the plaintiff has not provided any evidence to the contrary.

The Sixth Circuit has stated that "acts become purposeful if the defendant should have reasonably foreseen that the transaction would have consequences *in that state.*" *In-Flight Devices Corp. v. Van Dusen Air., Inc.*, 466 F.2d 220, 226 (6th Cir.1972) (emphasis added). John Powell could not have reasonably foreseen that his actions would have had consequences in Michigan if there was no indication that The Coffee Beanery was a Michigan corporation. Without such foreseeability, John Powell could not have reasonably anticipated being haled into a Michigan court. Thus, exercising in personam jurisdiction over John Powell would not comport with the mandates of the Due Process Clause.

4. Defendant, Petra Bank, delivered promissory notes to the plaintiff, A.I. Trade in New York, the forum state and instructed A.I. Trade to deposit

the net proceeds in a New York bank account maintained by Petra Bank. *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79 (2nd Cir.1993).

### III. Conclusion

Defendant John Powell's motion to dismiss for lack of personal jurisdiction is granted. His actions do not constitute minimum contacts, such that the exercise of personal jurisdiction over him, by this court, would comport with the Due Process Clause. Therefore, he will not be subjected to the jurisdiction of this court.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion to dismiss be **GRANTED.**

**SO ORDERED.**