**FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Maryland corporation, Plaintiff,**

**v.**

**SLURRY SYSTEMS, INC., an Indiana corporation, Fred C. Schmednecht, an Indiana citizen, Bryan J. Wesolek, an Indiana citizen, and Dana A. Wesolek, an Indiana citizen, Defendants.**

No. 15 C 7016

United States District Court, N.D. Illinois, Eastern Division.

Signed July 7, 2016

1036

Cornelius F. Riordan, Alison Marie Finn, Brandon Gregory Hummel, Riordan, McKee, & Piper, LLP, Chicago, IL, for Plaintiff.

William Jeffrey Factor, Zhijun James Liu, Factor Law, Chicago, IL, Matthew L. McBride, III, McBride Law Offices, P.C., Arlington Heights, IL, for Defendants.

## ORDER

Elaine E. Bucklo, United States District Judge

In this case, plaintiff Fidelity & Deposit Company of Maryland, a financial entity organized in Maryland with its headquarters in Illinois, asserts claims against Slurry Systems, Inc., ("SSI") and four individuals arising out of an indemnity agreement for a bond plaintiff provided in conjunction with a construction project SSI completed. One of the individuals, Bryan Wesolek ("Bryan"), has brought a motion to dismiss the claims against him for lack of personal jurisdiction. I grant his motion for the following reasons.

According to the complaint, SSI was awarded a contract with the U.S. Army Corps of Engineers for a project in McCook, Illinois. The contract and federal law required that SSI provide a performance and payment bond for the contract. Plaintiff provided the bond on the condition that defendants execute an indemnity

agreement exonerating and indemnifying plaintiff from any losses, costs, or expenses it might sustain as a result of issuing the bond.

SSI completed the McCook project in December of 2008, but in 2009, it became embroiled in litigation with an entity called Pileco, from which SSI had rented certain equipment for the project. Pileco claimed that SSI owed it over $2 million under the parties' rental agreement, and Pileco filed a bond claim with plaintiff to collect SSI's alleged debt. Pileco ultimately sued plaintiff and SSI for payment of the debt, and after a jury trial, the court entered judgment in favor of Pileco and against SSI and plaintiff. Plaintiff later satisfied the judgment,[1] and this action seeks to recover its costs and expenses from its indemnitors.

▮▮▮ Plaintiff bears the burden to establish personal jurisdiction over all defendants. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Where, as here, jurisdiction is contested in a motion to dismiss and decided on the basis of written materials only, plaintiff must make a prima facie showing of jurisdictional facts. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). To determine whether personal jurisdiction is appropriate, I accept all well-pleaded facts as true and resolve any evidentiary conflicts in plaintiff's favor. *Id.*

The parties agree that the jurisdictional analysis here boils down to whether Bryan had sufficient, case-related contacts with Illinois for a suit brought against him in the jurisdiction to satisfy constitutional due process standards. That is, I must decide whether specific jurisdiction is appropriate because Bryan's conduct vis-à-vis the events underlying the complaint reasonably put him on notice that he may be haled into court here.

The parties conducted limited discovery on the issue of personal jurisdiction, and most of the jurisdictional facts are undisputed. All agree, for example, that Bryan is not a resident of Illinois, has never owned or leased real property in Illinois, and does not maintain a bank or other financial account in Illinois. He did not negotiate or sign the indemnity agreement in Illinois, and the agreement itself does not contain any forum selection clause identifying Illinois as a jurisdiction in which suits arising out of it may or must be brought. The parties likewise agree that Bryan has conducted no business related to SSI or the indemnity agreement in Illinois, and that Bryan's first contact with plaintiff was a letter that plaintiff's counsel sent to him at his Florida address on April 8, 2014, seeking an indemnity payment.

▮▮▮ As a general matter, "an out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Plaintiff argues that jurisdiction is appropriate in this case because, in addition to signing the indemnity agreement with an Illinois citizen, Bryan: 1) was married to defendant Dana Wesolek, SSI's president and co-owner, at the time he signed the indemnity agreement, and thus had a "marital interest" in SSI's contract for the McCook project; and 2) attended a settlement mediation in Chicago in the *Pileco* case (although he was not a party to that case). Neither of these ele-

---

1. At the time the complaint in this case was filed, *Pileco* was on appeal in the Seventh Circuit, and the judgment had not yet been satisfied. The Court of Appeals later affirmed the judgment (except for the lower court's denial of prejudgment interest and costs to Pileco, which was reversed), *see U.S. ex rel. Pileco, Inc. v. Slurry Systems, Inc.*, 804 F.3d 889 (7th Cir. 2015), and plaintiff represents that it has now satisfied the judgment.

ments establishes constitutionally adequate minimum contacts with Illinois.

SSI is a closely held corporation coowned by defendant Dana Wesolek, who is Bryan's now estranged wife,[2] and Dana's sister. Plaintiff argues that as Dana's wife, Bryan had an interest in SSI's contract for the McCook project because he "stood to benefit in the form of an increase in the value of Bryan's and Dana's marital estate," and that that is sufficient to support personal jurisdiction in an Illinois action to enforce the indemnity agreement. Resp. at 2. Plaintiff's leading case in support of this theory is *National Can Corp. v. K Beverage Co.*, 674 F.2d 1134 (6th Cir. 1982). It is true that in *National Can*, the Sixth Circuit held that the spouses of two shareholders of a company headquartered in Kentucky were subject to personal jurisdiction in Kentucky based solely on the spouses' status as personal guarantors of a contract between the Kentucky company and one of its suppliers. The court reasoned that because "the marital property laws of all states connected with this transaction [i.e., Colorado, Minnesota, Kentucky, and North Dakota] give a wife a right to share in property acquired by her husband during the marriage," their "proprietary concern in the success of the business" supported the exercise of specific jurisdiction. *Id.* at 1137. Bryan challenges the soundness of the Sixth Circuit's analysis, but I need not delve into the merits of his challenge because even assuming the *National Can* court correctly resolved the jurisdictional dispute on the facts before it, its analysis explicitly turned on the law of the four states in question, none of which is at issue here. Notably, plaintiff is silent on Illinois' marital property laws and offers no analysis to explain why the result

in *National Can* should obtain here. Plaintiff is likewise silent as to when Dana acquired her ownership interest in SSI (i.e., before or after her marriage to Bryan), another fact central to the *National Can* court's reasoning. Accordingly, plaintiff has not offered *prima facie* evidence of the kind the court found to support personal jurisdiction in that case.

The courts in *Frontier Ins. Co. v. National Signal Corp.*, No. Civ. A. 98-4265, 1998 WL 778333 (E.D. Pa. 1998), and *Great American Ins. Co. v. Stephens*, No. Civ. A. 04-3642, 2005 WL 452349 (E.D. Pa. 2005), both of which plaintiff also cites, similarly relied upon the "financial interest in the business or person whose obligation [the out-of-state defendant] guarantees" to find the minimum contacts threshold met. *Frontier Ins.*, 1998 WL 778333, at *3. There is no dispute that Bryan's only financial interest in SSI—of which he has never been an owner, officer, director, or employee—is his putative "marital interest" through Dana. For the reasons just explained, that interest, and thus the foregoing cases, do not support personal jurisdiction here.

Nor am I persuaded that Bryan's attendance at the settlement conference in *Pileco* amounts to constitutionally adequate minimum contacts with Illinois. Bryan was not a party to *Pileco*, and he states that he neither made nor received any settlement proposals during the conference; that he had no communication with plaintiff or its counsel at the time; and that he was present for less than two hours. Plaintiff nevertheless characterizes Bryan as a "participant" in the settlement mediation, but it does not dispute Bryan's statement, and it points to no other facts

---

**2.** At his deposition in April of 2016, Bryan stated that proceedings to dissolve his marriage to Dana were ongoing.

to support his alleged participation in the meeting.

Finally, plaintiff notes that the McCook project was for a reservoir located in Illinois and "benefitted many Illinois residents" to argue that Bryan knew or should have known, based on the contract's substantial connection to Illinois, "that he could be called upon to come to Illinois to perform SSI's obligations on the [McCook] Project." Resp. at 11–12. This argument is a red herring, as it mischaracterizes the indemnitors' obligations under the indemnity agreement. While it is true that the McCook contract related to a construction project in Illinois, the only contractual obligations that the indemnitors undertook in the indemnity agreement related to loss compensation to plaintiff, not to SSI's substantive construction work. And nothing in the indemnity agreement states that indemnity payments to plaintiff must be made to or from an Illinois account. Accordingly, the fact that the McCook contract was for work to be performed in Illinois appears to have little relevance to the jurisdictional analysis.

For the foregoing reasons, defendant Bryan Wesolek's motion to dismiss is granted. Plaintiff's request, in its opposition, that I transfer the case to the Northern District of Indiana, as an alternative to dismissing it, is denied.